**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000645
01-JUL-2014
10:06 AM**

NO. CAAP-11-0000645

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
VICTOR F. MULU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1218)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Victor F. Mulu ("Mulu") appeals
from the Judgment of Conviction and Probation Sentence; Notice of
Entry, filed on August 16, 2011, in the Circuit Court of the
First Circuit ("Circuit Court").[1]  On July 29, 2010, Plaintiff-
Appellee State of Hawai'i ("State") entered a Felony Information
against Mulu, charging him with Assault in the Second Degree "in
violation of Section 707-711(1)(a) and/or Section 707-711(1)(b)
of the Hawaii Revised Statutes [("HRS")]."[2]  On June 6, 2011,
Mulu was convicted by a jury of Assault in the Second Degree in

---

[1]    The Honorable Michael D. Wilson presided.

[2]    HRS § 707-711(1) provides, in relevant part:

> **Assault in the second degree.**  (1) A person commits
> the offense of assault in the second degree if:
>
> (a)    The person intentionally or knowingly causes
>        substantial bodily injury to another;
>
> (b)    The person recklessly causes serious or
>        substantial bodily injury to another[.]

HAW. REV. STAT. § 707-711(1)(a) and (b) (2013).

violation of HRS § 707-711(1)(b), and on August 16, 2011, was sentenced to five years of probation, six months of concurrent imprisonment, and restitution and crime victim compensation fees totaling $1,908.16.

On appeal, Mulu contends that the Circuit Court erroneously: (1) denied his motion in limine to exclude medical and related testimony; (2) denied his motion for judgment of acquittal; (3) instructed the jury as to the charged offense; (4) convicted him upon insufficient evidence; and (5) "sentenc[ed] [him] to jail and . . . impos[ed] extreme conditions."[3/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mulu's points of error as follows and affirm:

(1) The general rule is that "[a] party is not required to accept a judicial admission of his adversary, but may insist on proving the fact." *Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958) (quoting 31 C.J.S. Evidence § 542). While parties may stipulate as to certain facts, this requires an acceptance by both parties as to the stipulation and the filing of a formal agreement with the court. *See State v. Rivera*, No. 30080, 2012 WL 5831177, at *1-2 (Haw. Ct. App. Nov. 16, 2012). A party's unilateral concession of facts does not remove the State's ability to prove those facts with the evidence available. *See State v. Edwards*, 81 Hawai'i 293, 298, 916 P.2d 703, 708 (1996) (holding that photographs of a corpse were relevant and probative despite defendant's offer to concede to the nature and manner of the murder).

Nothing in the record indicates that the State ever accepted Mulu's offer to stipulate to substantial bodily injury. No stipulation or agreement was ever filed with the Circuit Court. In fact, the State repeatedly expressed an interest in calling Dr. Vincent Nip as a witness.

_____

[3/]    Mulu's second and fourth points of error contend that evidence related to Mulu's identification was insufficient. Therefore, we address the two points together.

*State v. Murray*, 116 Hawai'i 3, 16, 169 P.3d 955, 968 (2007) does not require anything to the contrary. In *Murray*, the Hawai'i Supreme Court adopted "an approach *specifically concerning the use of prior convictions* to prove an element of a charged offense." *Id.* at 19, 169 P.3d at 972 (emphasis added.) Here, Mulu offered to stipulate to *substantial bodily injury*, not to prior convictions. Therefore, *Murray* did not restrict the prosecution from introducing medical testimony to establish the extent of the injury.

Dr. Nip's testimony consisted of medical and injury evidence establishing the complaining witness's ("CW") injuries and the possibility that they could have been caused by a punch. The testimony did not go into unnecessary or gruesome details. Similar evidence has previously been found not to be unfairly prejudicial. *See, e.g., Edwards*, 81 Hawai'i at 296-300, 916 P.2d at 706-710. Therefore, we conclude that the Circuit Court did not abuse its discretion in denying Mulu's motion in limine to exclude Dr. Nip's testimony.

(2) When an appellate court examines a motion for judgment of acquittal it must look "upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, [to decide if] a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Pudiquet*, 82 Hawai'i 419, 423, 922 P.2d 1032, 1036 (App. 1996) (quoting *State v. Pone*, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995)). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *State v. Jenkins*, 93 Hawai'i 87, 99, 997 P.2d 13, 25 (2000) (quoting *State v. Timoteo*, 87 Hawai'i 108, 112-13, 952 P.2d 865, 869-70 (1997)). "[I]t is the province of the trier of fact, and not the appellate court, to determine the credibility of witnesses and to assess the weight and effect of the evidence adduced at trial." *State v. Aplaca*, 96 Hawai'i 17, 23, 25 P.3d 792, 798 (2001) (citing *Jenkins*, 93 Hawai'i at 101, 997 P.2d at 27).

The State produced evidence through the testimony of CW and an eyewitness that a man wearing a white t-shirt and with cornrows ran up and punched CW in the face. Mulu himself testified to wearing a white t-shirt and having cornrows the night of the incident. CW identified Mulu to a police officer as the man who had punched him. The State also produced evidence through the testimony of CW and Dr. Nip that CW suffered orbital bone fractures. Accordingly, the record is not devoid of substantial evidence supporting the conclusion that Mulu recklessly inflicted CW's injury. That there was conflicting testimony is of no benefit to Mulu because evaluating the credibility of witnesses is the province of the finder of fact, and not this court. *State v. Bailey*, 126 Hawaiʻi 383, 405, 271 P.3d 1142, 1164 (2012) (quoting *State v. Kaleohano*, 99 Hawaiʻi 370, 376, 56 P.3d 138, 144 (2002)).

When viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the State produced sufficient evidence of probative value to support a prima facie case to enable a person of reasonable caution to support a conclusion that Mulu recklessly caused substantial bodily injury to CW. Therefore, the Circuit Court did not err in denying Mulu's motions for judgment of acquittal.

(3) An alleged instructional error "is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled." *State v. Nichols*, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006) (quoting *State v. Gonsalves*, 108 Hawaiʻi 289, 293, 119 P.3d 597, 601 (2005)). "The real question becomes whether there is a reasonable possibility that error might have contributed to conviction." *Id.* (quoting *Gonsalves*, 108 Hawaiʻi at 289, 119 P.3d at 601).

The Circuit Court explained that Mulu had been "charged with one offense that is alleged to have been committed two different ways. Put differently, the Complaint charges alternative methods of proving the single offense of Assault in

4

the Second Degree." With respect to the second alternative, the Circuit Court first explained that "a person commits the offense of Assault in the Second Degree if he recklessly causes bodily injury to another person." The qualifier "substantial" should have been inserted before the word "bodily," but was omitted from this portion of the instruction. Neither Mulu nor the State objected to the omission.

The Circuit Court subsequently explained the elements of each alternative and correctly included the word "substantial" before the phrase "bodily injury." The Circuit Court then read the instruction regarding the special interrogatory identifying the second alternative, and in doing so again read "substantial" before "bodily injury." The Circuit Court further instructed that: "'substantial bodily injury' means . . . a bone fracture[.]"

In addition to the multiple oral recitations of the "substantial bodily injury" standard, the written instructions provided to the jury prior to the oral instructions included the word "substantial" before "bodily injury."[4/] Thus, the word "substantial" preceded "bodily injury" in every instance of the oral and written jury instructions except for the single identified omission.

Even as they considered their verdict, the jurors were confronted with the requirement that "substantial bodily injury" must be proven. The verdict form signed by the jury foreperson and returned to the Circuit Court included the word "substantial" before "bodily injury." Further, the clerk of court included the word "substantial" before "bodily injury" when announcing the jury's verdict. The Circuit Court's poll of the jurors revealed each juror's agreement with the verdict as announced.

We conclude that, taken as a whole, there is no reasonable possibility that the Circuit Court's single omission of the word "substantial" in but one of several oral instructions

---

[4/] Although "a written copy of the court's instructions cannot serve as a substitute for an oral charge," *State v. Iosefa*, 77 Hawaiʻi 177, 184, 880 P.2d 1224, 1231 (App. 1994), the written instructions ensure that the jury "could not, therefore, have been led far afield by the [C]ircuit [C]ourt's minor omission." *State v. Staley*, 91 Hawaiʻi 275, 285, 982 P.2d 904, 914 (1999).

to the jury might have contributed to Mulu's conviction when "substantial" was used in all other instances and was subsequently confirmed by the jury. Therefore, any error committed was harmless beyond a reasonable doubt and the Circuit Court's judgment of conviction will not be set aside.

To the extent that Mulu contends that the Circuit Court erred in presenting two alternatives to the jury by which assault in the second degree might be proven, Hawaiʻi law provides for the two alternatives, HAW. REV. STAT. 707-711(1), and the court's instruction merely reflected the charge.[5] Jury instructions involving alternative means of establishing the mens rea of an offense comport with due process. *State v. Klinge*, 92 Hawaiʻi 577, 589, 994 P.2d 509, 521 (2000). The jury verdict reflects no confusion between the two alternatives, with the jury confirming that it had unanimously found that "the Defendant recklessly caused substantial bodily injury to [CW]." Therefore, the Circuit Court did not err in providing the two alternatives to the jury.

(4) For felonies, "the length of the sentence actually imposed is a matter of legislative prerogative and the judiciary should not interfere except in extreme cases." *State v. Kido*, 3 Haw. App. 516, 530, 654 P.2d 1351, 1360-61 (1982). Assault in the second degree is a Class C felony. HAW. REV. STAT. § 707-711(2). Hawaiʻi law authorizes a prison term of up to five years for the felony that Mulu was found to have committed. HAW. REV. STAT. § 706-660 (Supp. 2013). Therefore, the Circuit Court did not abuse its discretion by sentencing Mulu to a six-month term of imprisonment as part of his sentence.

Mulu does not substantiate his claim that the conditions of his sentence are cruel and unusual. We find nothing in the gravity of the offense and the harshness of the sentence "so disproportionate to the conduct proscribed and . . . of such duration as to shock the conscience of reasonable persons

---

[5]      Mulu further contends that "[o]n top of these breathtaking alternatives, the Circuit Court added a special interrogatory[,]" but fails to explain how doing so contributed to the alleged inconsistent and misleading nature of the instructions. Therefore, we deem the argument waived. Haw. R. App. P. 28(b)(7).

or outrage the moral sense of the community." *State v. Loa*, 83 Hawai'i 335, 357, 926 P.2d 1258, 1280 (1996) (quoting *State v. Kumukau*, 71 Haw. 218, 226-27, 787 P.2d 682, 687 (1990)) (internal quotation marks omitted); *see also Solem v. Helm*, 463 U.S. 277, 289-90 (1983) ("outside the context of capital punishment, *successful* challenges to the proportionality of particular sentences will be exceedingly rare" (brackets omitted) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980))). Accordingly, the terms of Mulu's sentence are within constitutional limits.

Therefore, the Judgment of Conviction and Probation Sentence; Notice of Entry, filed on August 16, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 1, 2014.

On the briefs:

Stephen M. Shaw
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7